UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                              Chapter 11

Kisavos Taxi Inc.

                                              Case No. 23-44221

                              Debtor.
---------------------------------------------------------x

## **STIPULATION AND MEDIATION ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept **Salvatore LaMonica** to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or

      written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties and, subject to Court order, shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: April 26, 2024

/s/*karamvirdahiya*
Karamvir Dahiya
Attorney for Debtors: Kisavos Taxi Inc. and
Greek Star Taxi Inc.
75 Maiden Lane Suite 606 New York NY 10038
Tel: 212 766 8000
Email: Karam@bankruptcypundit.com

/s/*kevinjetzel*
Kevin J. Etzel
Attorney for Medallion Bank
Address: Vedder Price
1633 Broadway, 31st Floor
New York NY 10019
Tel: 212 407 7789
ketzel@vedderprice.com

/s/*Johngiovanis*
John Giovanis President
Parties: Kisavos Taxi Inc., Greek Star Taxi Inc.
Address: 3321 21st Street
Astoria, NY 11106

/s/*thomasjmunsen*
Thomas J. Munsen, Asst. Treasurer
Medallion Bank, 437 Madison Ave.
35th Floor, NY NY 10022

/s/*salvatorelaMonica*
Mediator: Salvatore LaMonica
Lamonica Herbst & Maniscalco LLP
Wantagh Plaza Professional Building
3305 Jerusalem Avenue Suite 211
Wantagh, NY 11793
Tel: 516 826 6500
SL@lhmlawfirm.com

**SO ORDERED:**



Dated: May 1, 2024
Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge